UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

------------------------------------------------------
:
CLOUD FOUNDATION, INC., *et al.*, :
: CASE NO. 1:09-CV-1651
Plaintiffs, :
:
v. : OPINION & ORDER
: [Resolving Dkt. Nos. 16, 31.]
KEN SALAZAR, Secretary of the Interior, :
*et al.*, :
:
Defendants. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this challenge to federal management of wild horses on the Pryor Mountain Wild Horse Range in southern Montana and northern Wyoming, the government moves to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). [Dkt. 16.] The government contends that because it has already completed the horse round-up challenged by the plaintiff environmental groups, this action is moot. [Dkt. 16.] In response, the Plaintiffs argue that the "capable of repetition yet evading review" exception to the mootness doctrine applies, and they also move for leave to amend their complaint to add claims that are not moot. [Dkt. 18; Dkt. 31.] For the reasons below, the Court **GRANTS** the Plaintiffs' motion for leave to file a second amended complaint and **GRANTS IN PART** and **DENIES IN PART** the government's motion to dismiss.

The Wild Free-Roaming Horses and Burros Act, 16 U.S.C. §§ 1331-1340, charges the Secretary of the Interior with "manag[ing] wild free-roaming horses and burros in a manner that is designed to achieve and maintain a thriving natural ecological balance on the public lands." *Id.* § 1333(a). The Act directs that when the Bureau of Land Management (as delegate of the Secretary

-1-

Case No. 1:09-CV-1651
Gwin, J.

of the Interior) determines "that an overpopulation exists on a given area of the public lands and that action is necessary to remove excess animals," the Bureau shall "immediately remove excess animals from the range so as to achieve appropriate management levels." *Id.* § 1333(b)(2).

This action arose after the Bureau determined that there was an overpopulation of wild horses on the Pryor Mountain Wild Horse Range, located about 50 miles south of Billings, Montana. [Dkt. 13.] Consequently, in August 2009, the Bureau announced a plan to round up and remove 70 of the 190 wild horses—allegedly to prevent overgrazing and maintain an ecologically sustainable population. [Dkt. 13.]

When the Bureau announced the gather plan and solicited public comments, it issued an Environmental Assessment finding that the gather would have no significant environmental impact. [Dkt. 13.] Accordingly, the Bureau declined to prepare an Environmental Impact Statement—a document mandated for all environmentally significant agency actions by the National Environmental Policy Act, 42 U.S.C. §§ 4321 *et seq.* [Dkt. 13.] The Bureau based this Finding of No Significant Impact in reliance upon its departmental manual's statement that "[p]rocessing . . . excess wild horses and burros" is categorically excluded from NEPA's requirements. [Dkt. 13.]

The plaintiff environmental groups then filed this action to challenge the gather plan. [Dkt. 1.] Their first amended complaint asserted three claims: (1) the Bureau's Environmental Assessment was arbitrary and capricious under the Administrative Procedure Act, 5 U.S.C. § 706, because it used abnormally dry baseline years to calculate the ecologically sustainable herd level and because it failed to consider that a smaller population threatens the herd's genetic diversity; (2) the Bureau's gather plan failed to adequately protect the horses' welfare, in violation of the Wild Free-Roaming Horses and Burros Act; and (3) the Bureau's categorical exclusion of excess horse removal from

Case No. 1:09-CV-1651
Gwin, J.

NEPA's requirements was arbitrary and capricious under the Administrative Procedure Act. [Dkt. 13.] The Plaintiffs sought, among other relief, a temporary restraining order against the gather. [Dkt. 13.]

After expedited briefing and argument, this Court denied the Plaintiffs' TRO request. The Plaintiffs did not appeal that denial. The Bureau then conducted the gather in September 2009, removing 57 horses from the Range. The Bureau sold five of those horses and gave the other 52 for adoption. [Dkt. 16-2 at ¶ 5(c)-(e).]

The government now moves to dismiss this action as moot, contending that because the gather is complete, this Court can no longer grant any effective relief. [Dkt. 16.] In response, the Plaintiffs argue that the Bureau's allegedly unlawful gather is "capable of repetition yet evading review." [Dkt. 18.]

The Plaintiffs also move for leave to file a second amended complaint. [Dkt. 31.] Their proposed second amended complaint contains two changes from the first amended complaint. [Dkt. 31-2.] First, it abandons the NEPA claim that the Bureau's Environmental Assessment for the September 2009 gather was deficient. [Dkt. 31-2.] Second, it adds three allegations to the Wild Free-Roaming Horses and Burros Act claim: (1) the Bureau's May 2009 Herd Management Area Plan violated the Act; (2) the Bureau's construction of a fence at the Range's northern boundary violated the Act; and (3) the June 1987 Custer National Forest Plan and the May 2009 Herd Management Area Plan violated the Act by excluding areas historically used by the herd. [Dkt. 31-2 at ¶¶ 76-78.] The third claim—challenging the Bureau's use of categorical exclusions for horse gathers—is unchanged from the first amended complaint. [Dkt. 31-2 at ¶ 80.]

Notwithstanding Federal Rule of Civil Procedure 15(a)'s direction that leave to amend "shall

Case No. 1:09-CV-1651
Gwin, J.

be freely given when justice so requires," the government opposes the Plaintiffs' motion for leave on two grounds. [Dkt. 32.] First, the government argues that the second amended complaint fails to cure the mootness defect. [Dkt. 32 at 11-14.] Second, the government contends that the amendment would be both futile (because the challenge to the 1987 Custer National Forest Plan is time-barred) and prejudicial (because the new allegations were known to the Plaintiffs at the time of the first amended complaint and because the government would have only 14 days to answer under Federal Rule of Civil Procedure 15(a)(3)). [Dkt. 32 at 14-17.]

The government's prejudice argument fails. Although the Plaintiffs concede that they knew of the newly added allegations when they filed their first amended complaint, they could not have asserted those claims at that time. The Plaintiffs' challenge to the Herd Management Area Plan was still before the Interior Board of Land Appeals and thus was not administratively exhausted. [Dkt. 34 at 5.] And the Plaintiffs' challenge to the northern boundary fence was not yet ripe; the government did not begin to solicit bids to construct the fence until June 2010. [Dkt. 34 at 5.] Moreover, the Plaintiffs' willingness to consent to an extension of time for the government to answer the second amended complaint stops the government's concern of prejudice. [Dkt. 34 at 6-7.]

The government is also incorrect that the Plaintiffs' claim challenging the 1987 Custer National Forest Plan is time-barred. [Dkt. 32 at 15 n.3.] Although "an amendment adding a new ground for relief to the complaint must contend with the applicable statute of limitations," *Jones v. Bernanke*, 557 F.3d 670, 674 (D.C. Cir. 2009), the 1987 Custer National Forest Plan that the Plaintiffs challenge is not "final agency action" that triggers the statute of limitations, *see Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 732 (1998). "Final agency action" did not occur until the Bureau proposed to construct a fence along the boundaries outlined in the 1987 plan. Thus,

Case No. 1:09-CV-1651
Gwin, J.

adding the claim challenging the 1987 Custer National Forest Plan is not futile on statute-of-limitations grounds.

Accordingly, because the government has not shown "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."—for denying leave to amend, *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Court grants the Plaintiffs' motion.

The government nevertheless argues that all of the Plaintiffs' claims in both complaints became moot when the Bureau completed the gather in September 2009. [Dkt. 16-1 at 10-13; Dkt. 32 at 11-14.] The Plaintiffs' second amended complaint drops their NEPA challenge to the September 2009 gather, but in any event, the government is correct that the September 2009 challenge is moot. Faced with a nearly identical challenge to a series of horse gathers, the D.C. Circuit held that once the gathers had been completed, it became "'impossible for the court to grant any effectual relief whatever' with respect to the challenged gathers," and thus the challenge was moot. *Fund for Animals, Inc. v. U.S. Bureau of Land Mgmt.*, 460 F.3d 13, 22 (D.C. Cir. 2006) (quoting *Beethoven.com LLC v. Librarian of Cong.*, 394 F.3d 939, 950 (D.C. Cir. 2005)). There—as here[1]—the plaintiffs argued that the "capable of repetition yet evading review" exception to the mootness doctrine applied, but the D.C. Circuit rejected that argument, reasoning that the "highly

---

[1] The Plaintiffs argue that the Bureau's conduct evades review because this Court's denial of their TRO request was not appealable. [Dkt. 34 at 6.] But the Plaintiffs' premise appears incorrect. *See Berrigan v. Sigler*, 475 F.2d 918, 919 (D.C. Cir. 1973) (per curiam) ("While the denial of a temporary restraining order is normally not appealable, an exception is made where the denial serves for all practical purposes to render the cause of action moot or where appellant's rights will be irretrievably lost absent review.").

Case No. 1:09-CV-1651
Gwin, J.

fact-specific" nature of each gather made the particular challenged conduct "'unlikely to be duplicated in the future.'" *Id.* at 22-23 (quoting *People for the Ethical Treatment of Animals, Inc. v. Gittens*, 396 F.3d 416, 421 (D.C. Cir. 2005)). Thus, *Fund for Animals* compels the conclusion that the Plaintiffs' claims challenging the September 2009 gather are moot.

But the Plaintiffs' other claims are not moot. First, several of their claims under the Wild Free-Roaming Horses and Burros Act challenge (among other implementations of the May 2009 Herd Management Area Plan) the Bureau's construction of fences to restrict wild horses to particular areas of the Range. [Dkt. 31-2 at ¶¶ 67-78.] If the Plaintiffs ultimately prevail on the merits of those claims, the Court can grant effective relief, either by requiring the Bureau to remove existing fences or by enjoining the Bureau from constructing new fences.

Second, the Plaintiffs' claim challenging the Bureau's categorical exclusion of horse gathers from NEPA's requirements falls within the "capable of repetition yet evading review" exception to mootness because it "seeks declaratory relief as to an ongoing policy." [Dkt. 31-2 at ¶ 80.] *See Del Monte Fresh Produce Co. v. United States*, 570 F.3d 316, 321 (D.C. Cir. 2009). To be sure, to sustain jurisdiction over a challenge to an ongoing policy, the Plaintiffs "must demonstrate 'standing to bring such a forward-looking challenge and [that] the request for declaratory relief is ripe." *Id.* at 321 (citation omitted; alteration in original). However, the Plaintiffs have met both of these requirements. They have adequately alleged—and the government does not dispute—their standing to challenge the Bureau's compliance with NEPA requirements. *See Fla. Audubon Soc'y v. Bentsen*, 94 F.3d 658, 664 (D.C. Cir. 1996) (en banc) ("[A] plaintiff may have standing to challenge the failure of an agency to abide by a procedural requirement only if that requirement was 'designed to protect some threatened concrete interest' of the plaintiff. . . . [T]he plaintiff must show that the

Case No. 1:09-CV-1651
Gwin, J.

government act performed without the procedure in question will cause a distinct risk to a particularized interest of the plaintiff.") (citation omitted). [*See* Dkt. 31-2 at ¶¶ 4-11 (Plaintiffs' particularized interests in protection of wild horses on Pryor Mountain Range).] And their challenge is ripe for review because it is a purely legal question fit for judicial decision. *See Eagle-Picher Indus., Inc. v. E.P.A.*, 759 F.2d 905, 915 (D.C. Cir. 1985).

Accordingly, neither the Plaintiffs' Wild Free-Roaming Horses and Burros Act claim nor their claim challenging the Bureau's use of categorical exclusions for horse gathers is moot.

For the foregoing reasons, the Court **GRANTS** the Plaintiffs' motion for leave to file a second amended complaint and **ORDERS** that the government answer within 30 days of the filing of this opinion and order. Further, the Court **GRANTS** the government's motion to dismiss as moot the Plaintiffs' claims challenging the Bureau's September 2009 gather. However, the Court **DENIES** the government's motion to dismiss the remainder of the Plaintiffs' claims.

IT IS SO ORDERED.

Dated: August 25, 2010　　　　　　　　　s/　　　*James S. Gwin*　　　　
　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE