UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

-------------------------------------------------------
                                        :
CLOUD FOUNDATION, INC., *et al.*,        :
                                        :        CASE NO. 1:09-CV-1651
            Plaintiffs,                  :
                                        :
      v.                                 :        OPINION & ORDER
                                        :        [Resolving Doc. No. 39.]
KEN SALAZAR, Secretary of the Interior,  :
*et al.*,                                :
                                        :
            Defendants.                  :
                                        :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Under Federal Rule of Civil Procedure 54(b), the Defendants ask this Court to reconsider its Opinion and Order granting the Plaintiffs leave to file an amended complaint and denying in part the Defendants' motion to dismiss. [Doc. 39.] The government says the Court erred when it determined that the Plaintiffs' third claim is not moot. [*Id.*] In addition, the government adds that the Court should grant it leave to respond, rather than simply answer, the Plaintiffs' now-filed second amended complaint. The Plaintiffs oppose. [Doc. 42.] For the reasons below, the Court **DENIES IN PART** and **GRANTS IN PART** the government's motion.

On October 9, 2009, the government moved to dismiss claims set forth in the Plaintiffs' first amended complaint for lack of jurisdiction. [Doc. 16.] It argued that completion of the September 2009 gather and removal of wild horses on the Pryor Mountain Wild Horse Range precluded effective relief for the Plaintiffs' claims relating to that action. [*Id.*] In response, the Plaintiffs argued that they sought to challenge the Bureau of Land Management policy behind the gather, as an action "capable of repetition yet evading review." [Doc. 18.] Before this Court resolved the

-1-

motion to dismiss, the Plaintiffs moved for leave to file a second amended complaint. [Doc. 31.] Their proposed second amended complaint dropped one allegation and added three others, challenging: (1) the Bureau's May 2009 Herd Management Area Plan, (2) the Bureau's construction of a fence at the Range's northern boundary, and (3) the June 1987 Custer National Forest Plan and the May 2009 Herd Management Area Plan. [Doc. 31-2 at ¶¶ 76-78.] This second amended complaint retained the Plaintiffs' challenge to the Bureau's use of categorical exclusions for horse gathers. [*Id.* at ¶ 80.] The Plaintiffs attached the text of this proposed complaint to their motion. [Doc. 31-2.]

On August 25, 2010, this Court resolved both motions. Its Opinion and Order first granted the Plaintiffs' motion for leave to file a second amended complaint. The Court then held that the Plaintiffs' challenges to the September 2009 gather were moot, but preserved the Plaintiffs' other claims—including their challenge to the Bureau's categorical exclusion for horse gathers. In so holding, the Court looked to the text of the Plaintiffs' proposed second amended complaint. [Doc. 35.] On the same day as the Court issued its Opinion and Order, the Plaintiffs filed their second amended complaint. [Doc. 36.]

The government asks the Court to reconsider that Opinion and Order, pursuant to Federal Rule of Civil Procedure 54(b). *See* F.R.C.P. 54(b) (permitting a court to revise any order adjudicating fewer than all claims in an action before final judgment). Under Rule 54(b), courts have broad discretion when deciding motions for reconsideration. *Isse v. American University*, 544 F. Supp. 2d 25, 29 (D.D.C. 2008). A court must determine whether "justice requires" reconsideration, and may base this determination on whether it "patently" misunderstood the parties, whether its decision reached beyond the adversarial issues presented, or whether some harm would flow from denial of

the motion. *Id.*

The government says this Court incorrectly based its holding on the Plaintiffs' lodged, but unfiled, second amended complaint. It contends that although the second amended complaint challenges the Bureau's ongoing categorical exclusion policy, the Plaintiffs' first amended complaint—which the government says should control this Court's analysis—challenged only one instance of the policy's operation. Accordingly, the government says, completion of the September 2009 gather rendered that challenge moot, thus divesting this Court of jurisdiction over those claims.

The government's argument misconstrues the propriety and the import of the Court's leave to amend. Under Federal Rule of Civil Procedure 15(a), this Court freely granted the Plaintiffs leave to file a second amended complaint. At that point, the second amended complaint, rather than the first, guided the Court's analysis. To have then considered the government's motion to dismiss as against a prior complaint would have been pointless—"[o]nce an amended pleading is interposed, the original pleading no longer performs any function in the case." 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2010). The Plaintiffs ultimately filed a second amended complaint identical to the one they proposed. [Doc. 36.] The Court thus declines to reconsider its Opinion and Order on these grounds, finding no misunderstanding, overreaching, or harm to the government.

In addition, the government requests the opportunity to move to dismiss the second amended complaint. In its opposition to the Plaintiffs' motion for leave to amend the complaint, the government argued that the second amended complaint would fail to cure the mootness defect and would ultimately prove futile on statute of limitations grounds. [Doc. 32 at 11-17.] This Court's August 25, 2010 Opinion and Order denied those arguments. [Doc. 35 at 4-6.] The government now

points to new claims in the second amended complaint and asks for leave to respond under the stricter motion to dismiss standard. [Doc. 39-1 at 10.] So that the government may more fully present its challenges to any new arguments, this Court grants the Defendants 14 days from the date of this Opinion and Order to file a motion to dismiss new claims in the second amended complaint.

For the foregoing reasons, the Court **DENIES** the government's request that this Court reconsider its Opinion and Order preserving the Plaintiffs' categorical exclusion challenge. However, the Court **GRANTS** the government 14 days to respond, under Federal Rule of Civil Procedure 12(b), to the Plaintiffs' second amended complaint.

IT IS SO ORDERED.


Dated: September 29, 2010                    s/         *James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE