UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
-------------------------------------------------------
                                                  :
CLOUD FOUNDATION, *et al.*,                       :
                                                  :   CASE NO. 1:09-CV-1651
             Plaintiffs,                          :
                                                  :
       v.                                         :   OPINION & ORDER
                                                  :   [Resolving Doc. No. 46]
KEN SALAZAR, Secretary of the Interior,           :
*et al.*,                                         :
                                                  :
             Defendants.                          :
                                                  :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this challenge to federal management of wild horses, the government moves for partial judgment on the pleadings or, alternatively, for transfer. [Doc. 46.] With its motion, the government argues that the Plaintiffs' claims fail to contest a specific final agency action, are barred by a six-year statute of limitations, and are moot. The government adds that if this Court denies its motion for partial judgment, it should transfer this case to the U.S. District Court for the District of Montana. [Doc. 46-1.] The Plaintiffs oppose. [Doc. 47.] For the reasons below, the Court **DENIES** the government's motions for partial judgment on the pleadings and for venue transfer.

This action concerns the Bureau of Land Management's treatment of wild horse populations on the Pryor Mountain Wild Horse Range. In August 2009, the Bureau announced a plan to round up and remove 70 of the 190 wild horses on the Range. It characterized this plan as one that would counteract the ecologically deleterious effects of wild horse overpopulation. After a notice and

-1-

comment period, the Bureau issued a finding of no significant environmental impact, invoking a categorical exclusion for the processing of wild horses and burros from National Environmental Policy Act (NEPA) requirements. [Doc. 35.] Accordingly, the Bureau declined to prepare an Environmental Impact Statement for its plan, a report otherwise required by NEPA for all environmentally significant actions. 42 U.S.C. §§ 4321 *et seq*. In September 2009, the Bureau gathered and removed 57 horses from the Range, designating the gathered horses for sale or adoption. [Doc. 35; Doc. 36.] In June 2010, the government began to solicit bids for the construction of a fence along the Range's northern boundary. [Doc. 36 at 8; Doc. 35 at 4.]

The Plaintiffs challenged the Bureau's actions under the Wild Free-Roaming Horses and Burros Act, NEPA, and the Administrative Procedure Act. [Doc. 13.] After the Bureau completed the September 2009 gather, the government moved to dismiss the Plaintiffs' claims as moot and the Plaintiffs moved to amend their complaint. [Doc. 16; Doc. 31.] The Court resolved those two motions in a single opinion. It first granted the Plaintiffs leave to file a second amended complaint. [Doc. 35.] Then, looking to the proposed language of the second amended complaint, [Doc. 31], (identical to the amended complaint later filed, [Doc. 36]) the Court considered and denied the government's motion to dismiss. [Doc. 35; Doc. 43 at 3.]

The government moved this Court to reconsider its opinion. [Doc. 39.] The Court denied that motion, but permitted the government leave to respond to any claims in the second amended complaint that had not been presented in the prior complaint. [Doc. 43 at 4.]

The government now moves for partial judgment on the Plaintiffs' second amended complaint. In the amended complaint, the Plaintiffs lodge three new allegations under the Wild Free-Roaming Horses and Burros Act: (1) the Bureau's May 2009 Herd Management Area Plan

violated the Act; (2) the Bureau's construction of a fence at the Range's northern boundary violated the Act; and (3) the June 1987 Custer National Forest Plan and the May 2009 Herd Management Area Plan violated the Act by excluding areas historically used by the herd. The Plaintiffs drop their claim that the Bureau's Environmental Assessment for the 2009 gather was deficient, but retain their challenge to the Bureau's use of categorical exclusions for horse gathers. [Doc. 36.]

First, the government says the Plaintiffs' challenge to the location of the Range's northern boundary fence fails to state a claim because it does not challenge a specific final agency action. The government adds that the northern boundary has not changed since its establishment by the 1987 Custer National Forest Plan, and thus that the Plaintiffs' boundary challenge is time-barred by a six-year statute of limitations. Second, the government argues that the Court should deny the Plaintiffs' categorical exclusion challenge for lack of subject matter jurisdiction (because any claims connected to the 2009 gather must be moot) and failure to state a claim (because any challenges to future uses of the categorical exclusion for wild horses do not involve a final agency action). Finally, the government asks for transfer to the U.S. District Court for the District of Montana, identifying that court as better-suited to address claims involving the Pryor Range. [Doc. 46-1.]

On a motion for judgment on the pleadings under Federal Civil Procedure Rule 12(c), the Court employs the same standard as a Rule 12(b)(6) motion to dismiss. *Jung v. Ass'n of Am. Med. C.*, 339 F. Supp. 2d 26, 36-37 (D.D.C. 2004). In deciding either motion, "the Court may not rely on facts outside the pleadings and must construe the complaint in the light most favorable to the non-moving party." *Id.* The Court may thus only grant relief if it appears that, even accepting as true all inferences from the complaint's factual allegations, the plaintiff cannot prove any set of facts entitling him to relief. *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F.

Case No. 1:09-CV-1651
Gwin, J.

Supp. 914, 915 (D. D.C. 1994).

Under this standard, the government's arguments that the Plaintiff's boundary fence claim does not identify a final decision or agency action, and that it is time-barred, fail. The second amended complaint challenges the proposal to construct a fence along the boundaries outlined in the 1987 Custer National Forest Plan. It states that the fence's construction "will prevent [the horses'] ingress and egress onto lands necessary for their welfare and survival and threaten to cause physical injuries to the horses while they attempt to carry out their normal migratory patterns," [Doc. 36 at 8], and thus challenges "[t]he FS's direction that a Northern Boundary Fence be built to restrict the movements of the wild horses to and from areas that they have used historically," [Doc. 36 at 21]. As so alleged, the proposal and bid solicitation for the fence construction, rather than the 1987 Custer National Forest Plan itself, constitute the Herd Management Area Plan decision and agency action that triggered the statute of limitations. [Doc. 35 at 4; Doc. 47 at 13.] The government contends that, as evidenced in the 2009 Herd Management Area Plan, the Plaintiffs actually challenge the location, repair, "minor realignment," and slight extension of an existing fence. [Doc. 46-1 at 23.] However, such evaluation of the Plan's language is not now appropriate, where the Court may not consider evidence outside the pleadings. The Plaintiffs have therefore properly and timely stated this claim.

The government additionally seeks judgment on the Plaintiffs' categorical exclusion claim. However, the Court has already denied the government's motion to dismiss this claim, and the government may not simply renew its motion. In particular, this Court denied the government's motion to dismiss and motion for reconsideration arguments that completion of the 2009 gather rendered the categorical exclusion challenge moot. [Doc. 35; Doc. 43.] The Court permitted the

Case No. 1:09-CV-1651
Gwin, J.

government to file a second response only to address claim discrepancies between the Plaintiffs' first and second amended complaints, limiting the government's subsequent challenge to "new *claims* in the second amended complaint." [Doc. 43 at 4 (emphasis added).] Because the Plaintiffs' second amended complaint preserves their categorical exclusion claim, they have not presented a new claim on which the government may move for judgment.

The government's transfer argument fails as well. Under 28 U.S.C. § 1404, district courts may exercise their discretion to transfer a suit to any proper district based on a case-by-case analysis of convenience, fairness, and the interests of justice. *Bartham v. UBS Financial Services*, 496 F. Supp. 2d 174, 176-77 (D.D.C. 2007) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 27 (1988)). This Court declines to do so. The Court recognizes that the outcome of this case will affect lands located partially in Montana. However, the Court defers to the Plaintiffs' choice of forum, particularly where the case may not involve many, if any, witnesses and will likely rest heavily on an administrative record already available to both parties. *See Bartham*, 496 F. Supp. 2d at 177 (factors relevant to venue transfer include plaintiff's and defendant's choice of forum, convenience of parties and witnesses, and access to evidence).

Equally unavailing is the government's contention that its interest in venue transfer was solely triggered by the Plaintiffs' boundary challenges in the second amended complaint. [Doc. 48 at 17.] First, the bulk of the government's arguments in support of transfer highlight factors present long before the Plaintiffs raised their boundary challenge—such as the location of the Pryor Range and wild horse herd in Montana and the potential interest of Montana residents in the outcome of this litigation. [Doc.46-1 at 40-42.] Second, the Court finds unpersuasive the government's argument that the Montana District Court's interest in adjudicating all Pryor boundary claims merit

Case No. 1:09-CV-1651
Gwin, J.

transfer. The government contends that "[t]he Montana District Court has a strong interest in ensuring that [the Plaintiffs] do not undermine its orders through later litigation filed by the same counsel in a separate district." [Doc. 46-1 at 38.] Though the Montana District Court has adjudicated a claim similar to this one[1], this Court does not find transfer warranted simply to ensure that a single court resolves certain types of actions. Moreover, this case does not call for venue in a district familiar with local laws. Indeed, the District of Columbia District Court has developed considerable familiarity with the federal administrative procedure and environmental statutes at issue here. *See Bartham*, 496 F. Supp. 2d at 177 (identifying familiarity with governing laws as a public-interest consideration in venue determinations).

For the foregoing reasons, the Court **DENIES** the government's motion for partial judgment on the pleadings and **DENIES** the government's motion to transfer this case to the U.S. District Court for the District of Montana.

IT IS SO ORDERED.

Dated: December 15, 2010          s/ *James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[1] The Montana District Court case cited by the government evaluated claims by the Plaintiff Cloud Foundation against the government on summary judgment. *See Cloud Foundation v. Kempthorne*, No. CV-06-111, 2007 WL 1876486, at *1 (D. Mont. June 27, 2007); *Cloud Found. v. Kempthorne*, 546 F. Supp. 2d 1003 (D. Mont. 2008); *Cloud Found. v. Kempthorne*, No. CV-06-111-BLG-RFC, 2008 WL 2794741, at *1 (D. Mont. July 16, 2008). Because the government has filed a motion for judgment on the pleadings in the instant case, this Court does not similarly consider documents outside the pleadings, as is proper on summary judgment.